IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH P. MORVAN, | | |
|     Petitioner, | No. 2:11-cv-02025-LKK-DAD P | |
| vs. | | |
| MATTHEW CATE, | <u>FINDINGS AND RECOMMENDATIONS</u> | |
|     Respondent. | | |
| _____/ | | |

      Petitioner, a prisoner incarcerated at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner challenges the thirteen year state prison sentence imposed on May 10, 2010, following his entry of plea pursuant to plea agreement in the Tehama County Superior Court on drug trafficking charges. (Doc. No. 1 at 1-2.) Specifically, petitioner claims that a three year sentencing enhancement for a prior term of probation was unlawfully imposed as part of his sentence even though he had successfully completed the term of that probation. (<u>Id.</u> at 4.)[1]

---

[1] It appears from the record before this court that petitioner was previously convicted and sentenced in the Tehama County Superior Court on July 1, 2004 to a five year term of probation for possession of a controlled substance for sale in violation of California Health and Safety

1

1    Before the court is respondent's motion to dismiss this action due to petitioner's
2 alleged failure to first exhaust his claims for habeas relief in state court as required by 28 U.S.C.
3 § 2254(b). Petitioner has failed to file an opposition to the motion despite the court's July 19,
4 2012 order granting him additional time to file and serve that opposition. (Doc. No. 15.)[2]

**I. Respondent's Argument** (Doc. No. 13)

Respondent argues that petitioner's sole claim for federal habeas relief was presented in a habeas petition filed with the California Supreme Court but that state petition was denied with citations to People v. Duvall, 9 Cal. 4th 464, 474 (1995) and In re Swain, 34 Cal. 2d 300, 304 (1949). Respondent contends that the cases cited by the California Supreme Court in denying relief stand indicate that petitioner failed to present the claim with sufficient particularity and supporting evidence. Respondent argues that because petitioner had the opportunity to cure those deficiencies and refile his petition, his habeas petition filed with the California Supreme Court did not satisfy the exhaustion requirement.

**II. Petitioner's State and Federal Habeas Petitions**

In his pending federal habeas petition, petitioner presents one claim:

> Ground one: The State imposed an enhancement on a prior probation term which violated petitioners [sic] 5th and 14th Amendments.

---

Code § 11378. (Doc. No. 1 at 8, 15; Lod. Doc. 2.) Based on his contention that this probationary term expired before he was sentenced in 2010, petitioner apparently believes that the enhancement of his 2010 sentence by three years under California Health and Safety Code § 11370.2(a) was unlawful. However, 11370.2(a) authorizes the three year enhancement for each prior § 11378 conviction "whether or not the prior conviction resulted in a term of imprisonment." Although not relevant in disposing of the pending motion to dismiss, the fact that petitioner was granted probation with respect to his § 11378 prior or that the probationary term had expired, would clearly appear to be irrelevant to the imposition of the three year enhancement as authorized under California law. Petitioner's own confusion in this regard may well have played a roll in the California Supreme Court's denial of the bare petition filed in that court.

[2] Although the pending motion to dismiss could be granted solely based upon petitioner's failure to file an opposition and his failure to abide by the court's orders (see Local Rules 230(c), 183(a) and 110), the undersigned will nonetheless address the motion on the merits herein.

> Supporting FACTS: The court imposed a 3 yr enhancement for a prior probation term. Petitioner had already completed the probation successfully before the instant case arose. The enhancement is illegal and violates the due process clause under the United States Constitution 14 [sic] Amendment.

(Doc. No. 1 at 4.)

In his habeas petition filed with the California Supreme Court, petitioner presented essentially this same claim, stated there as follows:

> Ground 1: Petitioners [sic] 5th and 14th Amendment rights under due process were violated because his sentence was enhanced for a prior probation term, this probation term was completed successfully making the enhancement illegal.
>
> Supporting facts: Petitioners [sic] sentence was illegally enhanced based on prior convictions which were unconstitutional. The sentence is excessive - based on greater punishment than the legislature intended, this violated petitioners [sic] due process at sentencing. Petitioner is contending that his guilty plea and its consequences which was also a violation of his due process rights. The prior conviction was determined by state procedure that violates due process. Petitioner is requesting the court to re-examine his sentence to be sure its [sic] legal and conforms with the due process clause under the United States Constitution of the United States of America. U.S.C.A. 5, 14.

(Lod. Doc. 2 at 3.)

**III. Analysis**

   A. The Exhaustion Requirement

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); Scott v. Schriro, 567 F.3d 573, 583 (9th Cir. 2009) ; King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.")

1  (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  In general, a federal court will not grant
2  a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the
3  remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1).  A state will not be
4  deemed to have waived exhaustion unless the state, through counsel, expressly waives the
5  requirement.  28 U.S.C. § 2254(b)(3).
6         A petitioner satisfies the exhaustion requirement by fairly presenting to the
7  highest state court all federal claims before presenting the claims to the federal court.  See
8  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.
9  Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).  A
10 federal claim is fairly presented if the petitioner has described the operative facts and the federal
11 legal theory upon which his claim is based.  See Wooten, 540 F.3d at 1025 ("Fair presentation
12 requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the]
13 asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)
14 (same) (quoting Picard, 404 U.S. at 276)); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir.
15 1999).  This requires petitioner to have "characterized the claims he raised in state proceedings
16 specifically as federal claims."  Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005)
17 (emphasis in original) (internal citation omitted).  "In short, the petitioner must have either
18 referenced specific provisions of the federal constitution or cited to federal or state cases
19 involving the legal standard for a federal constitutional violation.  Mere 'general appeals to broad
20 constitutional principles, such as due process, equal protection, and the right to a fair trial,' do
21 not establish exhaustion."  Id. (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).
22 Thus, a claim is unexhausted where the petitioner did not fairly present the factual or legal basis
23 for the claim to the state court.  See Picard v. Connor, 404 U.S. at 275.  "[I]t is not enough . . .
24 that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).
25 As a rule, the "mere similarity of claims is insufficient to exhaust."  Duncan, 513 U.S. at 365-66.
26 /////

B. The Claim Was Not Fairly Presented

As noted above, the California Supreme Court denied petitioner's state habeas petition in which he presented his sole claim for relief citing only the decisions in Duvall and Swain. (Lod. Doc. 3.) Relying on the citation to those decisions by the state high court, respondent argues that petitioner has failed to exhaust his claim by fairly presenting it for state court review.

Federal courts, however, must independently examine a state habeas petition to determine whether the claim was fairly presented so as to satisfy the federal exhaustion requirement. Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986) ("It is therefore incumbent upon us, in determining whether the federal standard of 'fair presentation' of a claim to the state courts has been met, independently to examine . . . [petitioner's] petition to the California Supreme Court."). Therefore, the California Supreme Court's citation to Duvall and Swain does not necessarily mean that petitioner has failed to satisfy the exhaustion requirement. See Kim, 799 F.2d at 1320 ("The mere citation of In re Swain does not preclude [federal habeas] review."); see also Newels v. Busby, No. CV 10-9696-JHN (JPR), 2012 WL 1958895, *8 (C.D. Cal. Apr. 13, 2012) ("Ground Eight is not per se unexhausted based on the state supreme court's citations to Duvall and Swain[.]"); Campos v. Adams, No. 2:05-cv-00108-AK, 2012 WL 3881200, *4 (E.D. Cal. Sept. 6, 2012) (concluding that a citation to Duvall and Swain do not establish per se that petitioner failed to exhaust) (Kozinski, C.J. sitting by designation); Sullivan v. Evans, No. CIV S-09-1326 DAD P, 2010 WL 596349, *3 (E.D. Cal. Feb. 9, 2010) (same).

Nonetheless, a review of the habeas petition filed with the California Supreme Court in this case leads to the conclusion that petitioner's unlawful sentence enhancement claim was not fairly presented to that court. In that state habeas petition, petitioner failed to specify the nature and substance of his claim for relief but instead merely alleged in conclusory fashion that his prison term had been unlawfully enhanced based on a "prior probation term." (Lod. Doc. No. 2 at 3.) Petitioner did not provide the California Supreme Court with a transcript of his

1  sentencing hearing to clarify the nature of his claim and his attachments to the petition focused
2  on the apparently irrelevant probation revocation proceedings with respect to his prior
3  conviction.  See fn. 1, supra.  Based upon the vague, confusing and conclusory nature of the
4  allegations presented in his state habeas petition, the undersigned concludes that petitioner in this
5  case failed to fairly present a federal constitutional claim challenging the sentence  enhancement
6  imposed in 2010 to the California Supreme Court as required to exhaust such a claim.

7         The court also finds that petitioner failed to fairly present the state high court with
8  any legal basis with respect to his due process claim.  Petitioner's mere assertion that the
9  sentence enhancement violated due process is insufficient.  See Rose v. Palmateer, 395 F.3d
10 1108, 1111 (9th Cir. 2005) (holding that it is not enough to plead with specificity the federal
11 nature of a claim, a petitioner is also required "to articulate the substance of an alleged violation
12 with some particularity."); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003) ("The state
13 prisoner must describe in the state proceedings both the operative facts and the federal legal
14 theory on which his claim is based so that the state courts have a fair opportunity to apply
15 controlling legal principles to the facts bearing upon his constitutional claim.") (internal
16 quotation marks omitted); Morgande v. Tilton, No. 2:07-cv-1824-MMS, 2009 WL 2515791, *7
17 (E.D. Cal. Aug. 13, 2009) ("fleeting reference" in a California Supreme Court petition to a
18 "generic and buried assertion of a due process violation does not constitute fair presentation of
19 the substance of the claim to the state court for purposes of exhaustion").

20         For all of these reasons, the undersigned concludes that any challenge by
21 petitioner to the enhancement imposed as part of his 2010 sentence on federal due process
22 grounds is unexhausted and respondent's motion to dismiss should be granted.[3]

---

[3] The court also notes that, in any event, petitioner has not stated a cognizable claim for federal habeas relief.  It appears that petitioner is challenging the application of California's sentencing laws with respect to enhancements.  However, federal habeas relief is not available for alleged errors in the application of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Whether a sentence enhancement was properly imposed due to petitioner's prior probationary

**Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 17, 2012 motion to dismiss the pending habeas petition as unexhausted (Doc. No. 13) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner shall address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 28, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
morv2025.fte

---

term under California law is obviously a question purely of state sentencing law. See Christian v. Rhode, 42 F.3d 461, 469 (9th Cir. 1993) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that petitioner's claim that his sentence was improperly enhanced is a question of state sentencing law and not a cognizable federal claim).